UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MICHAEL GOLDING,

                Plaintiff,                                         **REPORT AND**
                                                              **RECOMMENDATION**
                                                                 18 CV 7452 (WFK) (CLP)

        - against -

NANCY A. BERRYHILL, *Acting Commissioner
of Social Security*,

                Defendant.

-------------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

       On December 31, 2018, plaintiff Michael Golding brought this action for review and reversal of a determination by the Commissioner of the Social Security Administration ("SSA"), denying plaintiff's December 11, 2015 application for Social Security Disability Insurance ("SSDI") benefits. (Compl.[1] ¶ 1). Currently before this Court on referral from the Honorable William F. Kuntz, II, United States District Judge, is plaintiff's motion for attorney's fees brought under 42 U.S.C. § 406(b) in the amount of $8,800 to be paid out of the past-due Social Security Disability benefits payable to plaintiff.

       For the reasons set forth below, the Court respectfully recommends that the District Court approve plaintiff's counsel's requested fees of $8,800.

PROCEDURAL BACKGROUND

       On December 11, 2015, plaintiff filed an application for SSDI benefits claiming disability as a result of "right knee derangement with surgery, left shoulder derangement with

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on December 31, 2018, ECF No. 1.

surgery, left hip derangement with surgery, cervical and lumbar degenerative disc disease and derangement, chronic migraines, and World Trade Center-related conditions including asthma, Gastroesophageal Reflux Disorder, chronic sinusitis, and obstructive sleep apnea[.]"  (Id. ¶ 6). Plaintiff claims to have been disabled since December 15, 2014.  (Id.)

By notice dated February 29, 2016, the SSA denied plaintiff's application.  (Id. ¶ 7). Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on January 8, 2018.  (Id. ¶¶ 7-8).  On March 6, 2018, the ALJ denied plaintiff's application.  (Id. ¶ 9).  Plaintiff sought administrative review from the Appeals Council, and on November 2, 2018 the Appeals Council issued a final administrative decision denying plaintiff's application.  (Id. ¶¶ 10-11).

On October 5, 2018, plaintiff hired Seelig Law Offices, LLC ("Seelig Law") to pursue review of his claims in federal court.  (Seelig Decl.,[2] Ex. A).  According to the retainer agreement that plaintiff signed with Seelig Law, if Seelig Law obtained a "fully-favorable" decision from the District Court, Seelig Law would be entitled to a contingency fee representing 25% of "all retroactive or past due social security disability benefits awarded" to plaintiff.  (Id.) Plaintiff and Seelig Law agreed that the fee would include "reasonable attorney's fees" under 42 U.S.C. § 406(b).  (Id.)

On December 31, 2018, Selig Law filed the instant Complaint on plaintiff's behalf appealing the administrative decision to the District Court.  (Pl.'s Mem.[3] at 2).  In May 2019, the parties stipulated that the SSA's decision should be reversed, and the case remanded for further

---

[2] Citations to "Seelig Decl" refer to Richard B. Seelig's Affirmation in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), filed on August 25, 2021, ECF No. 15.

[3] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) filed on August 25, 2021, ECF No. 16.

administrative proceedings. (ECF No. 7). On May 9, the District Court So Ordered the parties' stipulation reversing the SSA's decision and remanding the case. (ECF No. 8).

Upon remand, the SSA granted plaintiff's petition for SSDI benefits and awarded him past-due benefits totaling $140,782, representing $93,868 in disability benefits, $23,457 in child's benefits for plaintiff's first child, and $23,457 in child's benefits for plaintiff's second child. (Pl.'s Mem. at 2). In three notices, all of which were dated August 14, 2021,[4] the SSA notified plaintiff that, under 42 U.S.C. § 406(b), it had withheld a total of $35,195.50, representing 25% of plaintiff's total award, as payment for plaintiff's representative. (Id.; Seelig Decl., Ex. B).

On August 25, 2021, plaintiff moved the Court for an Order awarding $8,800 in attorney's fees under 42 U.S.C. § 406(b). (ECF No. 14). On August 27, the District Court referred plaintiff's motion to the undersigned for a Report and Recommendation. (ECF No. 17).

## DISCUSSION

Section 406(b) of the Social Security Act provides that,

> [w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment.

42 U.S.C. § 406(b). Thus, when a petitioner requests fees under this provision, the reviewing court must determine whether the requested fees are reasonable. Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990); see also Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

---

[4] A notice was issued for each of the three benefits to which the SSA had found that plaintiff was entitled, i.e., his disability benefits and monthly benefits for each of his children.

3

Fees sought under a contingency fee agreement should be enforced unless the agreement is unreasonable. Wells v. Sullivan, 907 F.2d at 372. As the Second Circuit Court of Appeals explained in Wells v. Sullivan, "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." 907 F.2d at 371. Courts "ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties." Id.

To determine whether a fee sought under a contingency fee agreement is "unreasonable," courts consider: (1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in making the agreement; and (3) whether the requested amount is so large as to be a "windfall to the attorney." Wells v. Sullivan, 907 F.2d at 372; see also Gisbrecht v. Barnhart, 535 U.S. at 807 (holding that 42 U.S.C. § 406(b), which limits fees that may be awarded to attorneys who successfully represent claimants to 25% of past-due benefits, "does not displace contingent-fee agreements" so long as they are within the statutory ceiling).

Plaintiff argues that the requested fee of $8,800 is reasonable. (Pl.'s Mem. at 6). Plaintiff observes that civil actions for Social Security and disability benefits pose "a significant risk of loss[,]" which plaintiff notes is evinced by this case, during which plaintiff's petition was "denied at multiple levels of agency review prior to the initiation of the civil action." (Id.) Thus, the contingency fee must offset this risk to attract capable counsel to litigate these sorts of matters. (Id.) Plaintiff also argues that the requested fee is reasonable because he recouped a large award and is now entitled to benefits that he will receive until his death. (Id. at 7).

Moreover, plaintiff observes that plaintiff's counsel claims to have worked for 8.8 hours, and thus the requested fee amounts to an hourly rate of $1,000 per hour, which is consistent with

4

awards that federal courts have given in New York on prior occasions. (Id. at 8 (listing cases)). Plaintiff adds that, once the requested fee is offset by the Equal Access to Justice Act ("EAJA") negotiated fee award of $1,300.99 that counsel has already received, "plaintiff will only pay an additional $7,499.01 for services before the Court." (Pl.'s Mem. at 8; Gisbrecht v. Barnhart, 535 U.S. at 796 (explaining that Congress "harmonized" fees payable under the EAJA and Section 406(b) by requiring that, where plaintiff's counsel collects fees under both statutes, counsel must refund the smaller fee to the claimant)).

Defendant acknowledges in response that there is "no evidence of fraud or overreaching" in this case, and the requested fee amount of $8,800 is significantly less than the 25% cap which would amount to a fee award of $35,195.50. (Def.'s Response[5] at 2). However, defendant observes that Courts in the Second Circuit have "in some cases considered an hourly rate in th[e] range" proposed by plaintiff "to be a windfall and have found that lower rates were appropriate." (Id. (listing cases)). Defendant does not object or contend that the requested fee here constitutes a windfall, but rather defers to the Court "regarding the appropriate reduction." (Id.) Defendant acknowledges that plaintiff's counsel has received an EAJA award of $1,300.99, and that this amount will offset any award made under Section 406(b). (Id. at 3).

Plaintiff replies that in cases where courts have reduced the fee award, they have done so because the attorneys either overreached or because the defendant contested the amount requested as a windfall. (Pl.'s Reply[6] at 1-2). Plaintiff argues that, "[h]ere, Defendant did not oppose the motion nor state that the requested fee was a windfall; Defendant deferred to the

---

[5] Citations to "Def.'s Response" refer to defendant's September 13, 2021 letter response to plaintiff's motion, ECF No. 18.

[6] Citations to "Pl.'s Reply" refer to plaintiff's September 15, 2021 reply to defendant's letter response, ECF No. 19.

Court[.]"  (Id. at 2).  Plaintiff adds that courts in this Circuit have "generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary."  (Id. (quoting Rowell v. Astrue, No. 5 CV 1592, 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008))).

Here, the requested fee of $8,800 is well within the 25% cap of $35,195.50.  In fact, $8,800 represents approximately 6% of plaintiff's total past-due benefits award and represents an even smaller percentage when the EAJA offset is taken into consideration.  Moreover, as both parties observe, there is no evidence of fraud or overreaching that would invalidate the contingency fee agreement.  The Court finds that the requested award promotes the competent representation of petitioners seeking SSDI benefits and finds no reason to revise the agreement reached by plaintiff and his counsel.  Accordingly, this Court therefore respectfully recommends that the District Court find the requested fee of $8,800 to be reasonable.

## CONCLUSION

The undersigned respectfully recommends that plaintiff's motion be granted, and plaintiff's counsel's requested fee be approved.  The undersigned further respectfully recommends that an Order issue directing the SSA to approve and disburse $8,800 out of the past-due SSDI benefits payable to plaintiff as attorney's fees under 42 U.S.C. § 406(b) and directing counsel to remit to plaintiff the EAJA award that counsel has already received.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  Failure to file objections within the specified time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is directed to serve a copy of this Order promptly by certified mail, return receipt requested, on defendants and to provide the Court with copies of the return receipts. The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  Brooklyn, New York
       January 10, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York